# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:16-CV-08993-RGK-PLA | Date | August 02, 2017 |
|---|---|---|---|
| Title | *MARTIN VOGEL v. BOSTON MARKET CORPORATION et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re: Defendant's Motion for Summary Judgment (DE 27)

## I. INTRODUCTION

On December 5, 2016, Martin Vogel ("Vogel" or "Plaintiff") filed a Complaint against Boston Market Corporation dba Boston Market #1121 ("Boston Market"), Arn K. Youngman, and Patricia Youngman (collectively, "Defendants"), asserting claims for violations of the following statutes: (1) Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.; (2) Disabled Persons Act ("DPA"), Cal. Civ. Code section 54; (3) Unruh Civil Rights Act ("Unruh"), Cal. Civ. Code section 51; and (4) California Health and Safety Code ("HSC") sections 19955(a), 19956, and 19959.

Presently before the Court is Defendants' Motion for Summary Judgment. Attached to the Motion are photographs showing that the alleged barriers giving rise to this action have been cured. For the following reasons, the Court **DISMISSES AS MOOT** the ADA claim and **REMANDS** the remaining claims to state court.

## II. FACTUAL BACKGROUND

The parties allege the following facts:

Vogel is a T-3 paraplegic who requires the use of a wheelchair to travel in public. Defendants own and operate a restaurant at 952 West Arrow Highway, San Dimas, CA 91773 ("Restaurant").

On November 18, 2016, Vogel traveled to the Restaurant with a companion to document nine barriers to his full use of the facility: (1) improperly sloped parking space and access aisle due to an encroaching curb ramp, (2) no International Symbol of Accessibility sign at the front entrance of the Restaurant, (3) improper front door handles, (4) no signage at the men's restroom indicating its accessibility to Vogel, (5) non-self-closing bathroom-stall door, (6) no interior stall handle, (7) improper placement of the disposable seat cover, (8) improper placement of the toilet tissue dispenser, and (9) incompletely wrapped lavatory pipes. Defendants have since cured the barriers pursuant to settlement agreements in prior litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-CV-08993-RGK-PLA | Date | August 02, 2017 |
|---|---|---|---|
| Title | *MARTIN VOGEL v. BOSTON MARKET CORPORATION et al.* | | |

## III. JUDICIAL STANDARD

According to Federal Rule of Civil Procedure ("Rule") 56(a), summary judgment is proper only where "the [moving party] shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if there is sufficient evidence for a reasonable jury to find for the nonmoving party, and a fact is "material" when it may affect the outcome of the case under the substantive law that provides the claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party is without the ultimate burden of persuasion at trial, it may either produce evidence negating an essential element of the opposing party's claim or demonstrate that the nonmoving party does not have enough evidence to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). If the moving party meets this initial requirement, the burden then shifts to the opposing party to go beyond the pleadings and set forth specific facts that establish that a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Summary judgment should not be granted where "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party." *Anderson*, 477 U.S. at 250.

In deciding a motion for summary judgment, "a district court is not entitled to weigh the evidence and resolve disputed underlying factual issues." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). Rather, courts are required "to view all inferences to be drawn from the underlying facts . . . in the light most favorable to the party opposing the motion." *Id.* (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)) (internal quotations omitted).

## IV. DISCUSSION

Vogel asserts claims for federal and state statutory violations relating to his disability. The Court examines the claims in turn.

### A. ADA Claim

First, Plaintiff asserts that Defendants maintained barriers in violation of the ADA Accessibility Guidelines ("ADAAG"). *See* 28 C.F.R. § 36.406; *Miller v. California Speedway Corp.*, 536 F.3d 1020, 1024 (9th Cir. 2008) (describing the ADA's regulatory scheme). Defendants, however, have cured the barriers alleged in the Complaint. (Casper Decl. Ex. B, ECF No. 27-5.) "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (citation omitted). The parties agree that the alleged violations have been cured and the Restaurant now complies with the ADAAG. Thus, this claim

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:16-CV-08993-RGK-PLA | Date | August 02, 2017 |
|---|---|---|---|
| Title | ***MARTIN VOGEL v. BOSTON MARKET CORPORATION et al.*** | | |

is moot.

Accordingly, the Court **DISMISSES AS MOOT** Plaintiff's ADA claim.

### B. <u>State-Law Claims</u>

Plaintiff also asserts claims based on violations of the DPA, Unruh Act, and HSC.

Given that the sole federal claim in this action is moot and Plaintiff does not allege complete diversity among the parties, the Court must examine whether to exercise supplemental jurisdiction over the state law claims.

Courts may decline to exercise supplemental jurisdiction where: (1) the claim raises complex or novel issues of state law, (2) state claims substantially predominate over federal claims, (3) the court has dismissed all claims over which it has original jurisdiction, or (4) any other compelling reason exists to decline jurisdiction. 28 U.S.C. § 1367(c). The Court's "decision to retain jurisdiction over state-law claims" is discretionary, and is guided by "factors such as economy, convenience, fairness, and comity." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995). "[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

It is undisputed that the only federal claim in this action is moot. Additionally, the Court finds that the state-law claims substantially predominate over the federal claim. When the "nature of [a plaintiff's] proofs and the relative importance of [a plaintiff's] claims" are apparent, the federal court need not "tolerate a litigant's effort to impose upon it what is in effect only a state law case." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966). Most of the relief Plaintiff requests comes from the state law claims. Vogel could have sought all of his requested relief, including an injunction, under the state law claims, rather than a tacked-on ADA claim.

Thus, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-08993-RGK-PLA | Date | August 02, 2017 |
|---|---|---|---|
| Title | *MARTIN VOGEL v. BOSTON MARKET CORPORATION et al.* | | |

**V.  CONCLUSION**

For the foregoing reasons, the Court **DISMISSES AS MOOT** the ADA claim, and **REMANDS** the remaining claims to state court. To the extent that the Court has relied on any evidence the parties have objected to in reaching its conclusion, such objections are hereby overruled.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer  _____